UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
------------------------------ x
                               :
UNITED STATES OF AMERICA,      :
               Plaintiff,      :     Criminal No.
                               :     3:16-CR-00227 (VLB)
          vs.                  :
                               :     January 3, 2017
NICHOLAS MURPHY,               :
               Defendant.      :
                               :
------------------------------ x
```

Federal Building
450 Main Street
Hartford, Connecticut

ARRAIGNMENT and DETENTION HEARING

(Transcription from Electronic Recording)

Held Before:

THE HON. ROBERT A. RICHARDSON
United States Magistrate Judge

Transcription Services of
FALZARANO COURT REPORTERS, LLC
4 Somerset Lane
Simsbury, CT  06070
860.651.0258
www.falzaranocourtreporters.com

A P P E A R A N C E S:

    <u>For the Plaintiff:</u>

        OFFICE OF THE UNITED STATES ATTORNEY
        450 Main Street - Room 328
        Hartford, Connecticut 06103
        860-947-1101
            BY:  S. DAVE VATTI, ESQ.
                 Assistant U.S. Attorney


    <u>For the Defendant:</u>

        PATTIS & SMITH, LLC
        383 Orange Street - First Floor
        New Haven, Connecticut  06511
            BY:  DANIEL M. ERWIN, ESQ.

1              (Proceedings commenced at 11:45 a.m.)

2

3              THE COURT:  Good morning.

4              MR. VATTI:  Good morning, your Honor.

5              MR. ERWIN:  Good morning.

6              THE COURT:  Please be seated.

7              We're here this morning on United

8      States vs. Nicholas Murphy, Docket Number

9      3:16-CR-227 VLB.  I'm Judge Robert

10     Richardson.  For the record, seated at the

11     table next to me is a member of Probation

12     Services.

13             Will counsel please identify themselves

14     for the record?

15             MR. VATTI:  Yes.  Good morning, your

16     Honor.  Dave Vatti for the United States and

17     with me at counsel table is FBI Special

18     Agent Amy Noto (phonetic).

19             THE COURT:  Good morning.

20             MR. ERWIN:  Good morning, your Honor.

21     Dan Erwin for the Defendant Nicholas Murphy

22     who is seated with me at counsel's table.

23             THE COURT:  Good morning.

24             THE DEFENDANT:  Good morning.

25             THE COURT:  Okay.  As I understand it

1          we are here for an arraignment and detention

2          hearing.  Is this the Defendant's first

3          appearance?

4                  MR. ERWIN:  That's correct.

5                  THE COURT:  Okay.  So let me start by

6          advising the Defendant of his rights.

7                  Mr. Murphy, just so that you understand

8          you have the right to remain silent and by

9          that I mean you have no obligation to make a

10         statement of any kind.  You should be

11         advised that if you do make a statement it

12         can and likely will be used against you.  Do

13         you understand that?

14                 THE DEFENDANT:  Yes.

15                 THE COURT:  And in the event that

16         you've already started to make a statement

17         or speak, be advised that you have no

18         obligation to continue speaking.  You may

19         stop any at time.  Do you understand that?

20                 THE DEFENDANT:  Yes.

21                 THE COURT:  You also have the right to

22         have an attorney represent you at each and

23         every phase of the proceedings against you,

24         and in the event that you can't afford an

25         attorney to represent you the Court can and

```
1        will appoint one for you at no cost do you.
2        Do you understand that?
3              THE DEFENDANT:  Yes.
4              THE COURT:  Do you wish the Court to
5        appoint counsel for you?
6              THE DEFENDANT:  No, sir.
7              THE COURT:  Are you retained or --
8              MR. ERWIN:  Yes, sir.  I'm retained.
9              THE COURT:  Very good.  All right.
10             Is Mr. Murphy a U.S. citizen or a
11       foreign national?
12             MR. ERWIN:  That's correct.  He is.
13             THE COURT:  All right.  Thank you.
14             Attorney Vatti, could you please --
15       well, first can you just describe the nature
16       of the proceedings to me?
17             MR. VATTI:  Yes, your Honor.
18             Mr. Murphy was the subject of an
19       indictment returned by a grand jury on
20       December 14th of 2016.  He is charged in the
21       indictment with one count of interstate
22       travel with intent to engage in illegal
23       sexual activity with a minor in violation of
24       Title 18 United States Code Section 2423(b).
25             Would your Honor like me to set forth
```

1          the federal penalties?

2              THE COURT:  Yes, please.  The charges

3          and the penalties.  You've just done the

4          charges.

5              MR. VATTI:  The maximum penalty, your

6          Honor, is 30 years in prison.  There is also

7          a period of supervised release of at least 5

8          years to a maximum of lifetime, a maximum

9          fine of $250,000, a special assessment of

10         $100 and also given the nature of the

11         offense an additional special assessment of

12         5,000.

13             THE COURT:  Thank you.

14             (Pause.)

15             THE COURT:  All right.  Thank you.

16             Mr. Murphy, have you received a copy of

17         the document containing the charges against

18         you known as the indictment?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  And have you had a chance

21         to talk to your attorney about that document

22         and the charges?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you understand the

25         charges and the potential penalties that

1        you're facing?

2                THE DEFENDANT:  Yes, I do.

3                THE COURT:  All right.  You have the

4        right at this point to have the charges read

5        to you here in open court or you can waive

6        the reading of the charge and proceed

7        directly to your plea of not guilty.  Do you

8        wish to waive or give up the reading of the

9        charges here in open court?

10               MR. ERWIN:  We're prepared to waive.

11               THE COURT:  Thank you.

12               Madam Clerk, could you please put Mr.

13       Murphy to his plea?

14               THE CLERK:  In the case of the United

15       States of America vs. Nicholas Murphy, Case

16       Number 3:16-CR-227 VLB charges you as to

17       Count 1 on a violation of Title 18 United

18       States Code Section 2423(b), how do you

19       plead?

20               THE DEFENDANT:  Not guilty.

21               THE CLERK:  Your Honor, the Defendant

22       has pled not guilty as to Count 1 of the

23       indictment.

24               THE COURT:  Thank you.  You may be

25       seated.

1          A plea of not guilty shall enter.

2          With respect to this case the trial

3     judge, Judge Bryant, has issued a scheduling

4     order which I have in front of me and I am

5     signing here on the bench.  Just to give the

6     lawyers a heads up on the dates all

7     Defendant's motions will be due on February

8     7, 2017.  The Government's responses will be

9     due on February 14, 2017.  Jury selection

10    will take place on March 7, 2017 at 9:30 in

11    Judge Bryant's courtroom.

12         For the record, I have signed the

13    scheduling order.  I am handing it to my

14    courtroom deputy.  It will be available on

15    CM/ECF later.

16         I believe we're also here for a

17    detention hearing; is that correct?

18         MR. VATTI:  Yes, your Honor.

19         THE COURT:  Okay.  And let me just ask

20    the Government what your position is with

21    respect to detention.

22         MR. VATTI:  Your Honor, although this

23    is ordinarily a case where there is

24    presumption of detention, we are not seeking

25    detention in this case.  My understanding is

1          that the Defendant has been at liberty on

2          related state charges that arise from this

3          same universe of facts, and he has been on

4          release since May 9th of 2016; has been

5          compliant with the terms of his release and

6          he has also attended all of his court dates.

7          So in light of that we are amenable to

8          release on bond in this case.  A non-surety

9          bond with a co-signer is acceptable to the

10          Government.  I believe that the Defendant's

11          father is here to act as a co-signer.

12               In addition to that we would ask that

13          there be no contact direct or indirect with

14          the victim or the victim's family.  And with

15          respect to any other conditions including

16          whether there should be some monitoring of

17          the Defendant's internet use we would defer

18          to Probation on that.

19               THE COURT:  Okay.  Thank you.

20          Defendant?

21               MR. ERWIN:  Just briefly, the

22          Government --

23               THE COURT:  You may be seated, Mr.

24          Murphy, but thank you.

25               MR. ERWIN:  The Government correctly

1    recited I think the history of this case.

2    It does arise out of a common factual

3    nucleus with the state case.  I and my firm

4    represent Mr. Murphy on that matter as well.

5    He's made all court appearances.  He's on a

6    non-surety -- he's on a -- excuse me, a

7    surety bond in that case.  He turned himself

8    in from Mississippi.  He surrendered all

9    firearms.  He's been living pursuant to a

10   protective order in the state matter and has

11   had no contact with the alleged victim in

12   this case.

13       I don't think we disagree with any of

14   the Government's positions.  Mr. Murphy's

15   father is here I can represent, and is

16   prepared to co-sign a non-surety bond on

17   hopes that we receive one.

18       THE COURT:  Thank you.

19       Okay.  Based on the statements and

20   representations made by the AUSA as well as

21   Defense counsel I do find that there is

22   sufficient basis for releasing the Defendant

23   with conditions.  And let me give you the

24   conditions.  I understand that the

25   Defendant's father is in the courtroom

```
 1        today, so I will ask him to listen carefully
 2        to the conditions as well because at the end
 3        I will ask both Mr. Murphy and his father if
 4        they understand the conditions and ask Mr.
 5        Murphy if he's willing to comply with the
 6        conditions.  To the extent that I am likely
 7        going to ask Mr. Murphy's father to co-sign
 8        a non-surety bond I want to make sure that
 9        he's still willing to do so after he hears
10        what the conditions are.  So everyone please
11        listen carefully to the conditions.
12            If I release you, sir, I would order
13        you to comply with the following conditions:
14        First, you must not violate any federal,
15        state or local law while you're on release.
16            You must cooperate in the collection of
17        a DNA sample if it's authorized by a
18        specific statute.
19            You must advise the Court or the
20        Pretrial Services Office in writing before
21        making any change to your residence or your
22        telephone number.  You must appear in court
23        as required and if you're convicted you must
24        surrender as directed to serve a sentence
25        that the Court may impose.
```

1          I'm going to require a non-surety bond

2     in the amount of $150,000.

3          You must submit to the supervision by

4     and report for supervision to the United

5     States Probation Services.

6          Continue to actively seek employment.

7          You shall not obtain a passport or

8     other international travel document.  It's

9     been represented to me that you don't

10    currently have a passport; is that correct?

11         THE DEFENDANT:  Correct.

12         THE COURT:  You shall abide by the

13    following travel restrictions on personal

14    association, residence or travel; that is

15    restrict your travel to within Connecticut,

16    Massachusetts and Rhode Island.

17         You must avoid all contact directly or

18    indirectly with any person who is or may be

19    a victim or witness in the investigation or

20    prosecution.

21         You must not possess a firearm,

22    destructive device or other weapon.  And

23    with respect to that condition it's been

24    represented in court that you've already

25    surrendered all weapons.

```
1              THE DEFENDANT:  Yes.

2              THE COURT:  Thank you.

3              And you must report as soon as possible

4         to the Pretrial Services Office or

5         supervising officer every contact you have

6         with law enforcement, including arrests,

7         questioning or traffic stops.

8              Do you understand these conditions?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Are you willing to comply

11        with these conditions?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Okay.

14             MR. ERWIN:  Your Honor, if I may make

15        one request, one caveat to that we had

16        discussed with Probation prior.  Mr. Murphy

17        does have some work opportunities coming up.

18        One could require travel to Washington, DC

19        on or about January -- on or about January

20        20th.  And the second would require travel to

21        Houston, Texas in Super Bowl weekend.

22             THE DEFENDANT:  Yes.

23             THE COURT:  Okay.  Let me ask the AUSA

24        what your position is with respect to those

25        two specific travel dates for those reasons.
```

1           MR. VATTI:  If there's already a job

2       opportunity in place, your Honor, that

3       requires that travel we have no objection.

4           THE COURT:  Okay.

5           MR. ROTHI:  No objection, your Honor,

6       from Probation.

7           THE COURT:  All right.  So the DC job

8       offer was -- or opportunity is when?

9           THE DEFENDANT:  It would probably be

10      about three or four days for the operation,

11      so probably two days before and then the day

12      of the operation, and then probably about

13      two days after.

14          MR. ERWIN:  January 18th through January

15      22nd.

16          MR. VATTI:  That should be fine.

17          THE COURT:  And the second?

18          MR. ERWIN:  It would be for the -- the

19      Super Bowl, second week in February.

20          THE DEFENDANT:  I'm not a football fan,

21      so --

22          MR. ERWIN:  It would be for that Super

23      Bowl week that he'd be seeing somebody

24      (unintelligible).

25          THE COURT:  And where is the Super Bowl

1          this year?

2              MR. ERWIN:  In Houston.

3              THE COURT:  I'm an Eagles fan, so it

4          doesn't really matter anyway.

5              Okay.  So I will amend the order that I

6          just gave from the bench to include travel

7          to DC between January 18 through the 22nd as

8          well as to Houston, Texas for the Super

9          Bowl.

10             MR. ERWIN:  Thank you.

11             MR. ROTHI:  Can you specify the dates

12         for the Houston, Texas travel, your Honor?

13         Maybe from February 15 until February 30th --

14         February 29?

15             MR. ERWIN:  That should be fine.  And

16         if I get any changes I'll contact the office

17         and work it from (unintelligible).

18             MR. VATTI:  I don't think the Super

19         Bowl is that late.

20             THE COURT:  Yeah.

21             MR. ERWIN:  Well, if not that it will

22         probably be for a time before and prior to

23         the 30th.  It should only be for about a

24         week.

25             MR. ROTHI:  Okay.  All right.  So

```
1          February 15 to until February 22nd?
2                  MR. ERWIN:  I think that works for us.
3                  THE COURT:  All right.  Yes.
4                  All right.  Can I ask you one question?
5                  (Pause.)
6                  THE COURT:  All right.
7                  Mr. Murphy, do you understand the
8          conditions as modified?
9                  THE DEFENDANT:  Yes, very.
10                 THE COURT:  Are you willing to comply
11         with those conditions as terms of your
12         release?
13                 THE DEFENDANT:  Yes, sir.
14                 THE COURT:  Okay.  You may be seated.
15                 What is Mr. Murphy's father's name?
16                 MR. ERWIN:  It's Bruce Mitchell.
17                 THE COURT:  Mr. Mitchell, did you hear
18         the conditions that I just read here in open
19         court?
20                 MR. MITCHELL:  Yes, your Honor.
21                 THE COURT:  Do you understand the
22         conditions?
23                 MR. MITCHELL:  I do.
24                 THE COURT:  Are you willing to co-sign
25         a non-surety bond having heard what the
```

1  conditions are?

2       MR. MITCHELL:  I am.

3       THE COURT:  Do you understand that one

4  obligation as a bond signer is that in the

5  event that Mr. Murphy violates any of the

6  conditions that you sacrifice or forfeit the

7  bond?

8       MR. MITCHELL:  I do.

9       THE COURT:  Okay.  And you're still

10  willing to sign despite that?

11       MR. MITHCELL:  Yes, your Honor.

12       THE COURT:  Okay.  Very good.  You may

13  be seated.  Thank you.

14       With that I will enter the appropriate

15  order containing those conditions.

16       Is there anything else we need to

17  address while we're in court?

18       MR. VATTI:  Not from the Government,

19  your Honor.

20       THE COURT:  Okay.

21       MR. ERWIN:  None from the Defense.

22       THE COURT:  All right.  Thank you both

23  for being professional as always.  Thank

24  you, Probation.  I'm going to sign the order

25  and then recess court.

```
1                    (Pause.)

2                    THE COURT:  Court is now in recess.

3         Thank you.

4                    MR. VATTI:  Thank you, your Honor.

5                    (Proceedings adjourned at 12:00 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                          CERTIFICATE

2

3              I hereby certify that the foregoing 18

4    pages are a complete and accurate transcription to the

5    best of my ability of the electronic recording of the

6    Arraignment and Detention Hearing in re:  UNITED

7    STATES OF AMERICA vs. NICHOLAS MURPHJY, Criminal No.

8    3:16-CR-00227 (VLB) held before The Hon. Robert A.

9    Richardson, United States Magistrate Judge, in

10   Hartford, Connecticut, on January 3, 2017.

11

         *Suzanne Benoit*
12   _____

13   Suzanne Benoit, Transcriber          Date: 1/3/18

14

15

16

17

18

19

20

21

22

23